* The Honorable Algenon L. Marbley, United States District Judge for the Southern District

questions of law and fact and the legal conclusions of the district court are reviewed de novo.  *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985).  In support of its appeal, the government argues that the district court "refused to apply the normal release and detention rules and only considered the fact that defendant would be detained and eventually deported by ICE [the Bureau of Immigration and Customs Enforcement]."  Upon consideration, we are persuaded that the district court's legal determination that the defendant should not be detained pursuant to 18 U.S.C. § 3142(e) was in error.

The district court's April 26, 2004, order is REVERSED and the case remanded for entry of an order detaining the defendant.

**Darrin T. HATCHETT, Petitioner–Appellant,**

v.

**Robert J. KAPTURE, Warden, Kinross Correctional Facility, Respondent–Appellee.**

No. 03–1421, 03–1501.

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

Rehearing En Banc Denied Nov. 22, 2004.

of Ohio, sitting by designation.

Darrin T. Hatchett, Lakeland Correctional Facility, Coldwater, MI, John F. Royal, Detroit, MI, for Petitioner–Appellant.

Brad H. Beaver, Asst. Atty. General, Office of the Attorney General, Corrections Division, Lansing, MI, Respondent–Appellee.

Before MOORE and COLE, Circuit Judges; and MARBLEY, District Judge.[*]

## ORDER

Darrin T. Hatchett, a Michigan state prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In late 1986 or early 1987, Hatchett was charged as a fifteen-year-old with first-degree murder and possession of a firearm during the commission of a felony (felony firearm). On March 10, 1987, the juvenile division of the probate court held an evidentiary hearing to determine whether the court should waive jurisdiction so that Hatchett could be tried as an adult in circuit court. At the conclusion of the hearing, the juvenile court waived jurisdiction.

Hatchett retained attorney Charles Campbell to represent him after the waiver hearing. Campbell represented Hatchett at the preliminary examination in state district court, but he did not appeal the juvenile court's decision to waive jurisdiction. Hatchett then was bound over to the former Recorder's Court for the City of Detroit, Michigan, where he was represented by a different attorney (Rene Cooper). Following a bench trial on September 29, 1987, the trial court found Hatchett guilty of second-degree murder, and felony firearm. The trial court sentenced Hatchett to two years in prison for the felony firearm conviction and to life imprisonment, with the possibility of parole, for the murder conviction.

Hatchett filed an appeal of right through still another court-appointed attorney (Roman Karwowski). Karwowski argued that the evidence was insufficient to sustain the murder conviction and that Hatchett was entitled to re-sentencing because the sentence was excessive. The Michigan Court of Appeals affirmed Hatchett's conviction

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

and sentence in an unpublished, per curiam opinion. The Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed.

On September 29, 2000, Hatchett filed his habeas corpus petition through counsel. He raised two substantive grounds for relief:

I. Mr. Hatchett is entitled to a new trial because he received constitutionally ineffective assistance from three different appointed attorneys, one of whom was entirely absent as proceedings were conducted, and another of whom inexplicably allowed his right to appeal his waiver into Recorder's Court lapse without action, and the last of whom failed to raise any of these issues on appeal.

II. Mr. Hatchett's due process rights were violated when the Recorder's Court Judge failed to strike inaccurate information from the presentence report.

Hatchett supplemented his habeas petition with a third claim, which alleged that his right to due process was violated "by the prosecution's Motion to Waive in violation of MCR 5.904(A)."

The respondent moved for summary judgment on the ground that the statute of limitations barred habeas review, but on August 8, 2001, the district court denied the respondent's motion. The respondent then filed an answer to the habeas petition, arguing that Hatchett had procedurally defaulted his claims in state court by failing to raise them on direct appeal or in his first motion for relief from judgment. On April 11, 2002, the district court rejected the respondent's procedural default argument, but dismissed Hatchett's second and third claims, as well as his claim about attorney Jerome Crawford, on the merits.

The only issues that remained before the district court were Hatchett's claims that attorneys Charles Campbell and Roman Karwowski provided ineffective assistance. Oral argument on these claims were held on February 19, 2003. The district court denied habeas corpus relief after concluding that Campbell's failure to appeal the waiver of juvenile jurisdiction did not prejudice Hatchett and that, to set aside Hatchett's conviction could result in a windfall to which the law does not entitle him. The district court found no merit in Hatchett's claim about his appellate attorney (Karwowski) because Campbell's performance did not prejudice Hatchett. The court granted Hatchett a certificate of appealability as to the ineffective assistance of counsel claim regarding attorneys Campbell and Karwowski. Hatchett then filed two duplicative notices of appeal (appeal No. 03–1421 and appeal No. 03–1501). The two resulting case numbers have been consolidated.

We review de novo a district court's legal conclusions in habeas corpus actions and review its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). A district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d).

On appeal to this court, Hatchett claims that the district court applied an incorrect legal standard when it interpreted the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to mean that

Hatchett's counsel was constitutionally ineffective for not filing an appeal from the juvenile court's decision to waive jurisdiction only if Hatchett could show that the appeal was meritorious. Hatchett argues that to prove his ineffective assistance of counsel claim under the Sixth Amendment, he need not show the merit of his appeal, but must show (1) that counsel's representation fell below an objective standard of reasonableness, *Strickland,* 466 U.S. at 687, and (2) that counsel's deficient performance prejudiced the defendant. *Id.* at 692. We agree.

Prejudice is sufficient to satisfy the second prong of *Strickland.* Prejudice is presumed from counsel's failure to file a notice of appeal when requested by his client. *See Roe v. Flores–Ortega,* 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The district court, however, concluded that Hatchett must in addition demonstrate in his 28 U.S.C. § 2254 petition that his appeal had some merit. In *Roe,* the Supreme Court held that counsel's failure to pursue an appeal requested by a defendant constitutes ineffective assistance of counsel regardless of the likelihood of success on the merits. *Id.* at 486. Moreover, even if a defendant does not specifically instruct counsel to file an appeal, counsel may still have a duty to consult with his client about an appeal. *Id.* at 478–80.

The record in this case does not indicate why Campbell did not appeal the juvenile court's waiver of jurisdiction. One of Hatchett's uncles has indicated in an affidavit that he and his brother retained Campbell to appeal the juvenile court's waiver of jurisdiction. Campbell moved to adjourn the preliminary examination in the state district court, stating that this was a waiver from juvenile court and "[w]e have to study all of that and consider our options there and here...." Later, however, he agreed to proceed with the preliminary examination. Because Hatchett's uncle retained counsel to appeal, it is clear that Hatchett would have appealed. Therefore, the district court erred in dismissing Hatchett's habeas petition as to this claim by examining the potential merits of a possible appeal.

Accordingly, the district court's judgment as to this ineffective assistance of counsel claim is vacated and the case is remanded for consideration in light of *Roe.* Appeal No. 03–1501 is dismissed as duplicative of appeal No. 03–1421, Rule 34(j)(2)(C), Rules of the Sixth Circuit.